IN THE COURT OF COMMON PLEAS OF BEDFORD COUNTY, PENNSYLVANIA
CIVIL DIVISION

HARRY MELLOTT and
KRIS MELLOTT, his wife,

    Plaintiffs,

vs.

LIFETIME BRANDS, INC. and
THE TJX COMPANIES, INC.
t/d/b/a TJ MAXX,

    Defendants,

No. 440 - 2020

TYPE OF PLEADING:
COMPLAINT

FILED ON BEHALF OF:
Plaintiffs

COUNSEL OF RECORD:
Daniel S. Schiffman, Esquire
PA ID# 309825

Benjamin T. Wilt, Esquire
PA ID# 327862

SCHIFFMAN FIRM, LLC
1300 Fifth Avenue
Pittsburgh, PA 15219
412/288-9444

dan@schiffmanfirm.com
ben@schiffmanfirm.com

*PROTHONOTARY/CLERK OF COURTS CLERK OF ORPHAN'S COURT*
*2020 MAY 20 PM 1:21*
*FILED*

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate ad Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

*Daniel S. Schiffman*
Daniel S. Schiffman, Esquire

IN THE COURT OF COMMON PLEAS OF BEDFORD COUNTY, PENNSYLVANIA
CIVIL DIVISION

HARRY MELLOTT and　　　　　　　　　　　　No.
KRIS MELLOTT, his wife,

　　　　　Plaintiffs,

vs.

LIFETIME BRANDS, INC. and
THE TJX COMPANIES, INC.,
t/d/b/a TJ MAXX,

　　　　　Defendants,

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR PHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**Prothonotary Office Bedford**

**County Office Building**

**200 South Juliana Street**

**Bedford, PA 15522**

**(814) 623-4833**

IN THE COURT OF COMMON PLEAS OF BEDFORD COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| HARRY MELLOTT and <br> KRIS MELLOTT, his wife, <br><br> Plaintiffs, <br><br> v. <br><br> LIFETIME BRANDS, INC. and <br> THE TJX COMPANIES, INC., <br> t/d/b/a TJ MAXX, <br> Defendants. | : No: <br> : <br> : JURY TRIAL DEMANDED <br> : |

## COMPLAINT

AND NOW come Plaintiffs, Harry Mellott and Kris Mellott, his wife, by and through their attorneys, Schiffman Firm, LLC, Daniel S. Schiffman, Esquire and Benjamin T. Wilt, Esquire, and file the following Complaint:

1. Plaintiff Harry Mellott is an individual and a citizen of the Commonwealth of Pennsylvania and County of Bedford, residing at 207 North Snyder Road, Hopewell, Pennsylvania, 16650.

2. Plaintiff Kris Mellott is an individual and a citizen of the Commonwealth of Pennsylvania and County of Bedford, and is the wife of Plaintiff Harry Mellott residing with him at 207 North Snyder Road, Hopewell, Pennsylvania, 16650.

3. Defendant Lifetime Brands, Inc. is a corporation which is a citizen of the state of New York with its principal place of business located at 1000 Stewart Avenue, Garden City, New York 11530, which at all relevant times traded and did business in the Commonwealth of Pennsylvania.

4. Defendant The TJX Companies, Inc. is a corporation which is a citizen of the state of Delaware with its principal place of business located at 770 Cochituate Road, Framingham, Massachusetts 01701 which at all relevant times traded and did business as TJ Maxx and traded and did business in the Commonwealth of Pennsylvania.

5. In or around the beginning of July, 2018, Plaintiffs purchased a BBQ Soft Grip 2-Sided Grill Brush with Cleaning Fins designed, manufactured, advertised, sold and/or distributed by Defendant Lifetime Brands, Inc. and sold and/or supplied by Defendant The TJX Companies, Inc. at a TJ Maxx store in Pennsylvania.

6. In or around the first week of July, 2018, Plaintiffs cleaned their gas grill with the grill brush previously described.

7. On or about July 4, 2018, Harry Mellott began experiencing abdominal pain.

8. On or about July 5, 2018, Harry Mellott presented to the emergency department of UPMC Bedford with complaints of abdominal pain.

9. Radiology results documented a metallic foreign body which appeared to be an ingested grill bristle.

10. Harry Mellott was transferred to UPMC Altoona for medical care including surgery to remove the grill bristle.

### COUNT I
### Harry Mellott v. Lifetime Brands, Inc.
### Strict Product Liability

11. Plaintiffs hereby incorporate by reference paragraphs 1 through 10 of this Complaint as though the same were more fully set forth at length herein.

12. At all times relevant to this action, this Defendant was engaged in the business of

designing, manufacturing, advertising, selling and/or supplying grill brushes and designed, manufactured, advertised, sold, and/or supplied the BBQ Soft Grip 2-Sided Grill Brush with Cleaning Fins used by Plaintiffs and was a seller as defined by Restatement (Second) of Torts §402A.

13. The grill brush was expected to and did reach Plaintiffs and was used by them without substantial change in the condition in which it was manufactured for sale.

14. This Defendant breached the duties owed to Plaintiffs as mandated by selling the grill brush in a defective condition.

15. The grill brush was defective in that it could and did malfunction and/or fail under normal use by having bristles separate and/or break off during normal usage.

16. The grill brush was defective because it did not meet the reasonable expectations of an ordinary consumer.

17. The grill brush was further defective because the risk posed by its design and manufacture greatly exceeded the utility, if any, of its design.

18. The grill brush was further defective in that it failed to be properly labeled and/or have proper warnings.

19. As the direct, legal and proximate result of the breach of the mandates of strict product liability law, the Plaintiff has sustained the following injuries and damages:

  a. Metallic foreign body in retroperitoneum requiring surgery;

  b. Small bowel obstruction;

  c. Acute bilateral pulmonary embolisms;

  d. Bibasilar atelectasis;

  e. Pulmonary infarction;

  f. Pulmonary nodule;

  g. Thoracic aorta aneurysm;

  h. Hernia requiring surgery;

  i. Pain and suffering;

  j. Necessity of medical treatment including hospitalizations and surgeries;

  k. Embarrassment and humiliation;

  l. Disfigurement;

  m. Incurring of medical bills and/or liens;

  n. Inability to enjoy the ordinary pleasures of life and perform normal daily activities; and

  o. Other injuries and damages.

WHEREFORE, Plaintiff Harry Mellott hereby demands judgment in his favor and against Defendant Lifetime Brands, Inc. for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

## COUNT II
### Harry Mellott v. Lifetime Brands, Inc.
### Negligence

20. Plaintiffs hereby incorporate by reference paragraphs 1 through 19 of this Complaint as though the same were more fully set forth at length herein.

21. This Defendant was negligent in the following particulars:

  a. In designing and/or manufacturing a grill brush which was defective because its bristles were capable of separating and/or breaking off during normal usage;

  b. In having a grill brush manufactured for it to sell in a defective condition where its bristles were capable of separating and/or breaking off during normal usage;

   c. In selling a grill brush in a defective condition where its bristles were capable of separating and/or breaking off during normal usage;

   d. In selling a grill brush without all necessary accouterments to render it safe for use;

   e. In failing to label or assure the grill brush was labeled with all appropriate warnings and instructions;

   f. In failing to have the grill brush properly tested prior to marketing the same; and

   g. In failing to provide or assure proper warnings were provided regarding the dangers presented by the grill brush.

  22. As the direct, legal, and proximate result of the negligence of this Defendant as aforesaid, Plaintiff Harry Mellott sustained the injuries and damages previously set forth.

  WHEREFORE, Plaintiff Harry Mellott hereby demands judgment in his favor and against Defendant Lifetime Brands, Inc. for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

## COUNT III
### Harry Mellott v. Lifetime Brands, Inc.
### Breach of Warranty

  23. Plaintiffs hereby incorporate by reference paragraphs 1 through 22 of this Complaint as though the same were more fully set forth at length herein.

  24. At all times relevant hereto, this Defendant was a "merchant" within the meaning of the Pennsylvania Uniform Commercial Code.

  25. Being within the ambit of the foreseeable operation and use of the grill brush, the Plaintiff relied upon the implied warranties of merchantability and fitness for purpose for which the subject product was intended to be used and which were extended in accordance with the Pennsylvania Uniform Commercial Code and otherwise.

26. As the direct, legal, and proximate result of the breaches of implied warranties, the Plaintiff sustained the injuries and damages previously set forth.

WHEREFORE, Plaintiff Harry Mellott hereby demands judgment in his favor and against Defendant Lifetime Brands, Inc. for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

## COUNT IV
### Harry Mellott v. The TJX Companies, Inc. t/d/b/a TJ Maxx
### Strict Product Liability

27. Plaintiffs hereby incorporate by reference paragraphs 1 through 26 of this Complaint as though the same were more fully set forth at length herein.

28. At all times relevant to this action, this Defendant was engaged in the business of selling and/or supplying grill brushes and sold, and/or supplied the BBQ Soft Grip 2-Sided Grill Brush with Cleaning Fins used by Plaintiffs and was a seller as defined by Restatement (Second) of Torts §402A.

29. This Defendant breached the duties owed to Plaintiffs as mandated by selling the grill brush in a defective condition as previously set forth.

30. As the direct, legal, and proximate result of the breach of the mandates of strict product liability law by this Defendant, Plaintiff sustained the injuries and damages previously set forth.

WHEREFORE, Plaintiff Harry Mellott hereby demands judgment in his favor and against Defendant The TJX Companies, Inc. t/d/b/a TJ Maxx for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

## COUNT V
### Harry Mellott v. The TJX Companies, Inc. t/d/b/a TJ Maxx
### Negligence

31. Plaintiffs hereby incorporates by reference paragraphs 1 through 30 of this Complaint as though the same were more fully set forth at length herein.

32. This Defendant was negligent in the following particulars:

   a. In selling a grill brush in a defective condition where its bristles were capable of separating and/or breaking off during normal usage;

   b. In selling a grill brush without all necessary accouterments to render it safe for use;

   c. In failing to label or assure the grill brush was labeled with all appropriate warnings and instructions;

   d. In failing to have the grill brush properly tested prior to marketing the same; and

   e. In failing to provide or assure proper warnings were provided of the dangers presented by the grill brush.

33. As the direct, legal, and proximate result of the negligence of this Defendant as aforesaid, Plaintiff, Harry Mellott, sustained the injuries and damages previously set forth.

WHEREFORE, Plaintiff Harry Mellott hereby demands judgment in his favor and against Defendant The TJX Companies, Inc. t/d/b/a TJ Maxx for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

## COUNT VI
### Harry Mellott v. The TJX Companies, Inc. t/d/b/a TJ Maxx
### Breach of Warranty

34. Plaintiffs hereby incorporate by reference paragraphs 1 through 33 of this Complaint as though the same were more fully set forth at length herein.

35. At all times relevant hereto, this Defendant was a "merchant" within the meaning of the Pennsylvania Uniform Commercial Code.

36. Being within the ambit of the foreseeable operation and use of the grill brush, the Plaintiff relied upon the implied warranties of merchantability and fitness for purpose for which the subject product was intended to be used and which were extended in accordance with the Pennsylvania Uniform Commercial Code and otherwise.

37. As the direct, legal, and proximate result of the breaches of implied warranties, the Plaintiff sustained the injuries and damages previously set forth.

WHEREFORE, Plaintiff Harry Mellott hereby demands judgment in his favor and against Defendant The TJX Companies, Inc. t/d/b/a TJ Maxx for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

## COUNT VII
### Kris Mellott v. Lifetime Brands, Inc.
### Strict Product Liability, Negligence, and Breach of Warranty

38. Plaintiffs hereby incorporate by reference paragraphs 1 through 37 of this Complaint as though the same were more fully set forth at length herein.

39. As the direct, legal, and proximate result of the breach of the mandates of Restatement (Second) of Torts §402A as aforesaid, the negligence of this Defendant as aforesaid, and the breach of warranties as aforesaid, Plaintiff Kris Mellott was deprived of the services, society, and consortium of her husband, Plaintiff Harry Mellott.

WHEREFORE, Plaintiff Kris Mellott hereby demands judgment in her favor and against Defendant Lifetime Brands, Inc. for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

## COUNT VIII
### Kris Mellott v. The TJX Companies, Inc. t/d/b/a TJ Maxx
### Strict Product Liability, Negligence, and Breach of Warranty

40. Plaintiffs hereby incorporates by reference paragraphs 1 through 39 of this Complaint as though the same were more fully set forth at length herein.

41. As the direct, legal, and proximate result of the breach of the mandates of Restatement (Second) of Torts §402A as aforesaid, the negligence of this Defendant as aforesaid, and the breach of warranties as aforesaid, Plaintiff Kris Mellott was deprived of the services, society, and consortium of her husband, Plaintiff Harry Mellott.

WHEREFORE, Plaintiff Kris Mellott hereby demands judgment in her favor and against Defendant The TJX Companies, Inc. t/d/b/a TJ Maxx for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

JURY TRIAL DEMANDED

RESPECTFULLY SUBMITTED:
SCHIFFMAN FIRM, LLC

Daniel S. Schiffman, Esquire
Benjamin T. Wilt, Esquire
Counsel for Plaintiffs

## VERIFICATION

The undersigned, Harry Mellott and Kris Mellott, having read the foregoing COMPLAINT verify that the averments are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language is that of counsel and not of the signer. Signers verify that they have read the foregoing, and that it is true and correct to the best of his knowledge, information and belief. To the extent that the contents of the foregoing document are that of counsel, verifier has relied upon counsel in making this verification. This verification is made subject to the penalties of 18 PA C.S.A. § 4904, relating to unsworn falsification to authorities.

Date: 5/13/2020     _____
                    HARRY MELLOTT

Date: 5/13/2020     _____
                    KRIS MELLOTT